UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) SAMNANG SON, a/k/a "Smiley," and<br>(2) BILLY CHAN, a/k/a "Juju,"<br><br>Defendants | ) Criminal No.  23cr10201<br>)<br>) Violations:<br>)<br>) Count One: Felon in Possession of<br>) Firearm and Ammunition<br>) (18 U.S.C. § 922(g)(1))<br>)<br>) Count Two: Engaging in the Business of<br>) Dealing in Firearms Without a License<br>) (18 U.S.C. § 922(a)(1)(A))<br>)<br>) Count Three: Conspiracy to Distribute and to<br>) Possess with Intent to Distribute 500 Grams<br>) and More of Methamphetamine<br>) (21 U.S.C. §§ 846 and 841(b)(1)(A)(viii))<br>)<br>) Count Four: Distribution of and Possession<br>) with Intent to Distribute 50 Grams and More of<br>) Methamphetamine<br>) (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii))<br>)<br>) Count Five: Distribution of and Possession with<br>) Intent to Distribute Methamphetamine; Aiding<br>) and Abetting<br>) (21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)<br>)<br>) Counts Six and Seven: Transfer and Possession<br>) of a Machinegun<br>) (18 U.S.C. § 922(o))<br>)<br>) Drug Forfeiture Allegation:<br>) (21 U.S.C. § 853)<br>)<br>) Firearm Forfeiture Allegation:<br>) (18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

INDICTMENT

COUNT ONE
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury charges:

On or about January 10, 2023, in Lowell, in the District of Massachusetts, the defendant,

(1) SAMNANG SON, a/k/a "Smiley,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess, in and affecting commerce, firearms and

ammunition, to wit: a Ruger LC9s 9mm caliber pistol bearing serial number 329-59949, a

Zastava ZPAP 92 7.62x39mm caliber pistol bearing an obliterated serial number, 131 rounds of

9mm caliber ammunition, and 60 rounds of 7.62x39mm caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

2

COUNT TWO
Engaging in the Business of Dealing in Firearms Without a License
(18 U.S.C. § 922(a)(1)(A))

The Grand Jury further charges:

Beginning on a date unknown to the Grand Jury, but no later than in or about January 2023, and continuing through at least in or about June 2023, in Lowell, in the District of Massachusetts, and elsewhere, the defendants,

(1) SAMNANG SON, a/k/a "Smiley," and
(2) BILLY CHAN, a/k/a "Juju,"

not being licensed importers, manufacturers, and dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, and in the course of such business did ship, transport, and receive firearms in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(a)(1)(A).

3

COUNT THREE
Conspiracy to Distribute and to Possess with Intent to Distribute
500 Grams and More of Methamphetamine
(21 U.S.C. §§ 846 and 841(b)(1)(A)(viii))

The Grand Jury further charges:

Beginning on a date unknown to the Grand Jury, but no later than in or about May 2023, and continuing through at least in or about June 2023, in Lowell, in the District of Massachusetts, and elsewhere, the defendants,

(1) SAMNANG SON, a/k/a "Smiley," and
(2) BILLY CHAN, a/k/a "Juju,"

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count Five involved 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to this Count.

It is further alleged that, with respect to Count Five, 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) SAMNANG SON, a/k/a "Smiley." Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable

to defendant (1) SAMNANG SON, a/k/a "Smiley."

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(viii).

<u>COUNT FOUR</u>
Distribution of and Possession with Intent to Distribute
50 Grams and More of Methamphetamine
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii))

The Grand Jury further charges:

On or about January 10, 2023, in Lowell, in the District of Massachusetts, the defendant,

(1) SAMNANG SON, a/k/a "Smiley,"

did knowingly and intentionally distribute and possess with intent to distribute 50 grams and

more of a mixture and substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).

<u>COUNT FIVE</u>
Distribution of and Possession with Intent to Distribute
Methamphetamine; Aiding and Abetting
(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about June 2, 2023, in Lowell, in the District of Massachusetts, the defendants,

(1) SAMNANG SON, a/k/a "Smiley," and
(2) BILLY CHAN, a/k/a "Juju,"

did knowingly and intentionally distribute and possess with intent to distribute a mixture and

substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United

States Code, Section 2.

7

COUNT SIX
Transfer and Possession of a Machinegun
(18 U.S.C. § 922(o)(1))

The Grand Jury further charges:

On or about March 24, 2023, in Lowell, in the District of Massachusetts, the defendant,

(1) SAMNANG SON, a/k/a "Smiley,"

did knowingly transfer and possess a machinegun, as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b), that is, one machinegun conversion device, a part designed solely and exclusively, and combination of parts designed and intended, for use in converting a weapon into a machinegun.

All in violation of Title 18, United States Code, Section 922(o)(1).

## COUNT SEVEN
Transfer and Possession of a Machinegun
(18 U.S.C. § 922(o)(1))

The Grand Jury further charges:

On or about April 14, 2023, in Lowell, in the District of Massachusetts, the defendant,

(2) BILLY CHAN, a/k/a "Juju,"

did knowingly transfer and possess a machinegun, as defined in Title 18, United States Code,

Section 921(a)(23) and Title 26, United States Code, Section 5845(b), that is, two machinegun

conversion devices, a part designed solely and exclusively, and combination of parts designed

and intended, for use in converting a weapon into a machinegun.

All in violation of Title 18, United States Code, Section 922(o)(1).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1.      Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts Three through Five, the defendants,

(1) SAMNANG SON, a/k/a "Smiley," and
(2) BILLY CHAN, a/k/a "Juju,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the property

described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

3.      Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 922 and 933, set forth in Counts One and Two, and Counts Six and Seven, the defendants,

(1) SAMNANG SON, a/k/a "Smiley," and
(2) BILLY CHAN, a/k/a "Juju,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

    a.  a Taurus G2C 9mm caliber pistol bearing an obliterated serial number;

    b.  a Taurus G2C 9mm caliber pistol bearing serial number TLP 48500;

    c.  a Taurus G3C 9mm caliber pistol bearing serial number ACB516494;

    d.  a Ruger LC9s 9mm caliber pistol bearing serial number 329-59949;

    e.  a Ruger LCR .38 special caliber revolver bearing serial number 541-53446;

    f.  a Zastava ZPAP 92 7.62x39mm caliber pistol bearing an obliterated serial number;

    g.  a Glock 27 .40 caliber pistol bearing serial number DXK842US;

12

h. a Glock 19 9mm caliber pistol bearing serial number AEGW984;

i. a Smith and Wesson M&P 9 Shield 9 mm caliber pistol bearing serial number HDY0133;

j. a FMK 9mm caliber pistol bearing serial number BTT8245;

k. a Glock 17 9mm caliber pistol bearing serial number UMT425;

l. a Smith and Wesson M&P 40c .40 caliber pistol bearing serial number HTN3766;

m. a .223/5.56 caliber AR-style non-commercially manufactured rifle bearing no serial number;

n. Five unmarked machinegun conversion devices bearing no serial numbers;

o. 226 rounds of 9mm caliber ammunition;

p. 60 rounds of 7.62x39mm caliber ammunition;

q. 39 rounds of .223 caliber ammunition; and

r. 16 rounds of .40 caliber ammunition.

4. If any of the property described in Paragraph 3, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 3 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

FOREPERSON

FRED M. WYSHAK, III
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: July 26, 2023
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo

DEPUTY CLERK

at 2:55PM

14